UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSTOF WOLINSKI, <br><br> Plaintiff, <br><br> v. <br><br> N. ACOSTA, et al., <br><br> Defendants. | Case No. 1:15-cv-00519-LJO-SAB-PC <br><br> ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> (ECF NO. 1) <br><br> AMENDED COMPLAINT DUE IN THIRTY DAYS <br><br> ORDER VACATING FINDINGS AND RECOMMENDATIONS <br><br> (ECF No. 11) <br><br> ORDER DENYING REQUEST FOR EXTENSION OF TIME AS MOOT <br><br> (ECF No. 12) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed April 3, 2015.

**I.**

**PROCEDURAL HISTORY**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against correctional officials employed by the CDCR at Corcoran State Prison, where the events at issue occurred. Plaintiff names as Defendants Sergeant D. Hernandez, Correctional Officer (C/O) N. Acosta and C/O M. Zepeda. On June 15, 2015, Plaintiff filed a motion for extension of time and a request

for the Court to order prison officials to provide him with paper and writing instruments. Plaintiff vaguely referenced an inability to file an amended complaint and recounted difficulties in receiving writing supplies. On June 16, 2015, an order was entered, advising Plaintiff that he could file an amended complaint as a matter of right, without leave of court and granting Plaintiff an extension of time in which to do so. (ECF No. 7.) On July 31, 2015, an order was entered, denying Plaintiff's motion for an order directing prison officials to give him writing materials on the ground that the Court did not have jurisdiction over those officials. (ECF No. 10.) On August 6, 2015, a recommendation of dismissal was entered because Plaintiff had not filed an amended complaint. (ECF No. 11.) On August 14, 2015, Plaintiff filed a motion for a 60 day extension of time "to file documents, motions, and a response." In his motion, Plaintiff again refers to his difficulty getting writing materials, and seeks an extension of time in order to contact the Polish Consulate in order to get writing materials.

Because the August 6, 2015, recommendation of dismissal was entered on the ground that Plaintiff had failed to file an amended complaint and the Court has not screened the original complaint, the recommendation of dismissal will be vacated. The Court will, by this order, screen the original complaint. Plaintiff's motion for extension of time to file a response is therefore moot.

Regarding Plaintiff's complaint that he does not have access to writing material and seeks outside assistance, the Court refers Plaintiff to the order and recommendation entered on July 9, 2015, in Wolinski v. Stoll, et al., No. 1:15-cv-00468-AWI-JLT (PC)(ECF No. 8). That order requested the Litigation Office at Salinas Valley State Prison to investigate Plaintiff's ability to obtain writing materials for indigent inmates and to facilitate Plaintiff's access to the law library and to any other available legal resources. The Court recommended that Plaintiff's request for an order directing the Warden to provide Plaintiff with pro se writing supplies and law library access be denied for lack of jurisdiction.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
2  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
3  legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or
4  that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
5  1915(e)(2)(B).

   A complaint must contain "a short and plain statement of the claim showing that the
   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
   that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
   Williams, 297 F.3d 930, 934 (9th Cir.2002).

   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
   liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
   1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be
   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
   that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
   liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
   F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that on April 4, 2014, Defendants Acosta and Zepeda were assigned as transportation officers for Plaintiff's transfer from CSP Corcoran to Kern Valley State Prison. Prior to loading Plaintiff into the van, Defendants ordered Plaintiff to surrender his prescription eyeglasses for security reasons. Upon arrival at Kern Valley State Prison, Plaintiff asked for his glasses. Plaintiff alleges that "both correct. offic. swiftly left living behind my bag with

medications but no Rx's glasses which they stole from me on 04-04-2014. Unfortunately they forgot that property inventory form CDC 1083 was issued to me.[sic]" (Compl. ¶ IV.) Plaintiff alleges that Sgt. Hernandez "maliciously denied my 602 & perjured my medical chrono CDCR 7410."

## IV.

## DISCUSSION

### A.  Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of personal property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532 n. 13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaning post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.  California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-995).   The allegations of the complaint clearly indicate an unauthorized deprivation of property.  Because California has an adequate post-deprivation remedy, Plaintiff cannot state a claim for relief on his claim regarding the loss of his prescription eyeglasses.

### B.  Eighth Amendment

Plaintiff may, however, hold Defendants liable if he alleges facts indicating that depriving Plaintiff of his eyeglasses was intentional and caused him serious injury.  In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a "deliberate indifference to serious medical needs of prisoners." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000)( quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of

deliberate indifference.  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

Here, Plaintiff has not alleged any facts that satisfy either prong.  There are no facts alleged indicating that taking Plaintiff's prescription eyewear was intentional.  Plaintiff's own allegations indicate that they were taken for security reasons.  There are no facts alleged indicating that either Acosta or Zepeda knew that Plaintiff had an objectively serious medical condition or that taking Plaintiff's eyeglasses would case or exacerbate serious injury.  This claim should therefore be dismissed with leave to amend.

### C.  Grievance Process

The only conduct charged to Sgt. Hernandez is his participation in the grievance process.  There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance process does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley, 997 F.2d at 495.  Plaintiff's allegations as to Defendant Hernandez should therefore be dismissed.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint regarding his Eighth Amendment claim within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Plaintiff is advised that any requests for extension of time will only be granted upon a showing of good cause. The Court will not delay or hold this action in abeyance while Plaintiff seeks assistance from outside sources. The issues in this case are simple, and Plaintiff does not need several pages to cure the defects identified in this order. The complaint is not dismissed for lack of legal argument or analysis, but for failure to allege facts sufficient to state a claim for relief. The Court has advised Plaintiff of the relevant legal standard.

Based on the foregoing, it is HEREBY ORDERED that:

1. The August 6, 2015, findings and recommendations are vacated;
2. The August 14, 2015, motion for extension of time is denied as moot;
3. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
4. Plaintiff's complaint, filed April 3, 2015, is dismissed for failure to state a claim;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

//
//
//
//
//

6. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 31, 2015**

UNITED STATES MAGISTRATE JUDGE