# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSTOF WOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>N. ACOSTA, et al.,<br><br>    Defendants. | Case No.  1:15-cv-00519-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE UNDER 28 U.S.C. §1915(g).<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed April 3, 2015.

**I.**

**ALLEGATIONS**

This action proceeds on the November 6, 2015, first amended complaint filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.  In the order dismissing the original complaint, the Court noted the

1

following allegations. Plaintiff alleged that on April 4, 2014, Defendants Acosta and Zepeda were assigned as transportation officers for Plaintiff's transfer from CSP Corcoran to Kern Valley State Prison. Prior to loading Plaintiff into the van, Defendants ordered Plaintiff to surrender his prescription eyeglasses for security reasons. Upon arrival at Kern Valley State Prison, Plaintiff asked for his glasses. Plaintiff alleged that "both correct. offic. swiftly left living (sic) behind my bag with medications but no Rx's glasses which they stoled (sic) from me on 04-04-2014. Unfortunately they forgot that property inventory form CDC 1083 was issued to me." (Compl. ¶ IV.) Plaintiff alleged that Sgt. Hernandez "maliciously denied my 602 & perjured my medical chrono CDCR 7410."

## II.

## DISCUSSION

### A.   Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of personal property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532 n. 13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaning post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533. California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-995). In the order dismissing the original complaint, Plaintiff was advised that the allegations of the complaint clearly indicated an unauthorized deprivation of property. Because California has an adequate post-deprivation remedy, Plaintiff cannot state a claim for relief on his claim regarding the loss of his prescription eyeglasses. In the first amended complaint, Plaintiff re-states, in greater detail, the allegations of the original complaint. The allegations of

the first amended complaint clearly indicate that the deprivation of Plaintiff's property was unauthorized. Because there is an adequate post-deprivation remedy under California law, this claim must be dismissed.

### B. Eighth Amendment

The Court noted that Plaintiff may, however, hold Defendants liable if he alleges facts indicating that depriving Plaintiff of his eyeglasses was intentional and caused him serious injury. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a "deliberate indifference to serious medical needs of prisoners." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000)( quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of deliberate indifference. First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

In the original complaint, Plaintiff had not alleged any facts that satisfied either prong. There were no facts alleged indicating that taking Plaintiff's prescription eyewear was intentional. Plaintiff's own allegations indicated that they were taken for security reasons. There were no facts alleged indicating that either Acosta or Zepeda knew that Plaintiff had an objectively serious medical condition or that taking Plaintiff's eyeglasses would case or exacerbate serious injury. The Court therefore dismissed the Eighth Amendment claim with leave to amend.

In the first amended complaint, Plaintiff indicates that the glasses that were taken from him included "1 pair of Ray Ban, and 1 pair of PT-36 dark Rx glasses to prevent seizures." (Am. Compl. 3:20.) A simple reference to the deprivation of a medical appliance does not, of itself, state a claim for relief under the Eighth Amendment. Plaintiff was specifically advised that he failed to allege facts indicating that taking Plaintiff's eyeglasses exacerbated a serious medical condition. An allegation that Defendants took Plaintiff's glasses, without any allegations that such action caused an objectively serious injury, fails to state a claim.

///

### C.   Grievance Process

The only conduct charged to Sgt. Hernandez was his participation in the grievance process. There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance process does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495. Plaintiff's allegations as to Defendant Hernandez were therefore dismissed with leave to amend. In the first amended complaint, Plaintiff fails to allege any allegations indicating that Defendant Hernandez engaged in any other conduct. Because Defendant Hernandez's only conduct was his participation in the grievance process, he must be dismissed from this action.

## III.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's November 6, 2015, first amended complaint fails to state a claim upon which relief may be granted. In the September 1, 2015 order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff's first amended complaint fails to cure the deficiencies identified in the order dismissing the original complaint, the Court recommends dismissal of this action with prejudice for failure to state a claim upon which the Court could grant relief. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure

to state a claim upon which relief can be granted, and that this action count as a strike under 18 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 18 U.S.C. § 636(b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of rights on appeal. Wilkerson v. Wheeler, 77 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan), 923 F.2d 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2015**

UNITED STATES MAGISTRATE JUDGE

5